## CIRCUIT COURT OF FAIRFAX COUNTY

Nancy Robinson

v.

Tommy Robinson

April 28, 2000

Case No. (Chancery) 164224

BY JUDGE M. LANGHORNE KEITH

This matter came on for a hearing on Thursday, April 27, 2000, on the Complainant's Bill of Complaint for Equitable Distribution. The Defendant was not present, having been served via an Order of Publication. The Court heard the Complainant's evidence and received several exhibits thereto. At the conclusion of the hearing, I took the matter under advisement to consider the issue of whether the Court properly had personal jurisdiction over the Defendant. For the reasons set forth below, I now conclude that the Court does not have personal jurisdiction over the Defendant, and therefore, the Court cannot order an equitable distribution between the parties at this time.

The Robinsons obtained a Judgment of Absolute Divorce in the Superior Court of the District of Columbia on July 21, 1998. In order for this Court to properly effect an equitable distribution between the parties after a final decree of divorce has been obtained in another state or territory, Va. Code § 20-107.3(J) requires that four conditions be met: (i) one of the parties was domiciled in this Commonwealth when the foreign proceedings were commenced, (ii) the foreign court did not have personal jurisdiction over the party domiciled in the Commonwealth, (iii) the proceeding is initiated within two years of receipt of notice of the foreign decree by the party domiciled in the Commonwealth, and (iv) the court obtains personal jurisdiction over the parties pursuant to subdivision A9 of § 8.01-328.1, or in any other manner permitted by law.

The Court is satisfied that the first three requirements have been met in this case. However, the fourth condition has not been complied with. Mr.

Robinson was served only via publication, which does not confer personal jurisdiction over him. Under the rule of *Cranford v. Hubbard*, 208 Va. 689 (1968), service by publication will support an *in rem* judgment only; it will never support a judgment *in personam*. Since personal service is a requirement for the Court to order an equitable distribution under Va. Code § 20-107.3(J), and since it has not been effected in this case, the Court cannot proceed to order an equitable distribution between the parties at this time.